**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL POWELL, | : | |
| | | Civil Action No. 05-3253 (FLW) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| ATTORNEY GENERAL | : | |
| PETER HARVEY, et al., | | |
| Respondents. | : | |

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondents |
| Daniel Powell | Joie Piderit |
| South Woods State Prison | Deputy Attorney General |
| 215 Burlington Road | Appellate Section |
| P.O. Box 6000 | P.O. Box 086 |
| South Bridgeton, NJ 08302 | Trenton, NJ 08625 |

**WOLFSON**, District Judge

This matter is before the Court on Petitioner Daniel Powell's Petition for habeas corpus relief under 28 U.S.C. § 2254.

### I.  BACKGROUND

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

>Two different police officers from the Lakewood Police Department observed defendant in his parked car in the driveway of a residence for almost eight hours. When Officer Daniel Tworkoski stopped to investigate further, it was around 12:50 a.m. The initial observation was made at around 3:00 p.m.
>
>It took approximately fifteen minutes for Officer Tworkoski to ascertain that defendant was parked in his sister's driveway. Defendant nevertheless appeared nervous and the officer asked him to step out of his car. Defendant instead drove off at a high rate of speed colliding into Tworkoski's patrol car. He then backed up his car, requiring Tworkoski to jump out of the way to avoid being run over. Defendant sped away as Sergeant Guillermo Clarke fired three shots at the vehicle's tires in an attempt to stop defendant from fleeing.
>
>After a high speed chase, defendant was apprehended and arrested for eluding, criminal mischief and aggravated assault. The police also discovered 3.2 grams of cocaine in a locked cigarette box located under the driver's seat and an additional 8.1 grams of cocaine in the pocket of a camouflage jumpsuit found in the trunk.

(App. Div. at 2-3.)

In the Superior Court of New Jersey, Law Division, Ocean County, Petitioner was convicted after a jury trial of second-degree eluding, N.J.S.A. 2C:29-2b, and third-degree possession of cocaine, N.J.S.A. 2C:35-10a(1). He was acquitted of two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1b(2), fourth-degree criminal mischief, N.J.S.A. 2C:17-3a(1), and third-degree possession of cocaine, N.J.S.A. 2C:35-10a(1). He was sentenced to an aggregate term of ten years with four years of parole ineligibility.

2

On direct appeal, Petitioner raised through counsel the following arguments:

> Point I
>
> Trial Court erred by denying Defendant's appropriate motion to suppress evidence
>
> Point II
>
> Defendant was denied the effective assistance of counsel
>
> Point III
>
> The sentence imposed by the Court is manifestly excessive

To the extent Petitioner prepared a pro se supplemental brief, it does not appear to have been submitted to the Appellate Division. By Opinion entered July 21, 2004, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence. The Appellate Division declined to address the claim of ineffective assistance of counsel, noting that Petitioner was free to raise this claim in a post-conviction relief petition.

On January 19, 2005, the Supreme Court of New Jersey denied certification. State v. Powell, 182 N.J. 428 (2005). Petitioner did not petition the United States Supreme Court for certiorari. Accordingly, for purposes of federal habeas review, Petitioner's conviction became final on April 19, 2005.

Petitioner submitted to this Court the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, dated June 24, 2005, and received by this Court on June 27, 2005. That

portion of the Petition asserting the claims for relief is presented in narrative fashion, from which this Court has discerned the following claims: (1) ineffective assistance of trial counsel, (2) violation of the Fourth Amendment proscription against unreasonable search and seizure, (3) prosecutorial misconduct through the use of perjured or hearsay evidence before the grand jury, use of perjured testimony at trial, reference to Petitioner's prior criminal record, failure to disclose at trial that one or more of the testifying officers were members of a drug task force, (4) violation of the Confrontation Clause through the introduction of hearsay testimony regarding the reason for the officers' investigation of Petitioner and the discovery of the cocaine in his automobile, (5) imposition of a sentence that was excessive, under state law, and which violates Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), and (6) beatings and denial of proper medical care while in prison.

    Respondents have filed an answer asserting that the claims of ineffective assistance of counsel and unconstitutional sentence are unexhausted, and that the Petitioner should therefore be dismissed as a mixed petition.  In fact, the only claims that are exhausted are the Fourth Amendment claims and the claim that the sentence is unlawful under state law.

On a date not available to this Court based upon the record presented, Petitioner filed a petition with the state court for post-conviction relief. The Superior Court, Law Division, Ocean County, denied relief by Order entered April 11, 2006, during the pendency of this action. Petitioner has appealed to the Appellate Division. The record supplied to this Court does not reveal the nature of the claims asserted in the state-court petition for post-conviction relief or the status of that proceeding.

## II. ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[2]  28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a]

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

5

petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

Moreover, the exhaustion doctrine is a "total" exhaustion rule.  That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]."  Lundy, 455 U.S. at 522.  At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions.  The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[3] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'"  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to

---

[3] See 28 U.S.C. § 2244(d).

6

federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  <u>Crews</u>, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  <u>Crews</u>, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in <u>Crews</u>.

> [S]tay and abeyance should be available only in limited circumstances.  ...  [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

<u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any

8

available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

It is apparent from Petitioner's response to the Answer that he filed this Petition protectively, out of concern that the statute of limitations would run.  He has contemporaneously pursued his state-court petition for post-conviction relief. Accordingly, it does not appear that he filed here out of any intent to engage in deliberately dilatory tactics.  In order to determine how best to proceed, this Court requires additional information as to the claims asserted in the state-court petition for post-conviction relief and the status of that proceeding.

### III.  CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies as to

all claims except the claims under the Fourth Amendment and the state law claim that the sentence is excessive.  An appropriate Order follows.

                                         S/Freda L. Wolfson  
                                         Freda L. Wolfson  
                                         United States District Judge  
DATED: 1/29/07