<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**


DANIEL POWELL,                   :
                                       Civil Action No. 05-3253 (FLW)
            Petitioner,    :

            v.             :    **OPINION**

ATTORNEY GENERAL           :
PETER HARVEY, et al.,
            Respondents.   :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>                Counsel for Respondents
Daniel Powell                      Joie Piderit
South Woods State Prison           Deputy Attorney General
215 Burlington Road                Appellate Section
P.O. Box 6000                      P.O. Box 086
South Bridgeton, NJ 08302          Trenton, NJ 08625


**WOLFSON**, District Judge

     This matter is before the Court on Petitioner Daniel

Powell's Petition for habeas corpus relief under 28 U.S.C.

§ 2254.  By Opinion [18] and Order [19] entered January 30, 2007,

this Court ordered Respondents to supplement their answer with

documentation regarding Petitioner's state-court petition for

post-conviction relief and ordered all parties to show cause why

this matter should not be stayed pending conclusion of

Petitioner's state-court post-conviction relief proceedings.

     Respondents have supplemented their answer with the

appropriate exhibits.  Neither party has addressed the question

whether this matter should be stayed pending resolution of the

pending state-court post-conviction relief proceedings.

## I.   BACKGROUND

The relevant facts are set forth in the opinion of the

Superior Court of New Jersey, Appellate Division.[1]

> Two different police officers from the Lakewood
> Police Department observed defendant in his parked car
> in the driveway of a residence for almost eight hours.
> When Officer Daniel Tworkoski stopped to investigate
> further, it was around 12:50 a.m.  The initial
> observation was made at around 3:00 p.m.
>
> It took approximately fifteen minutes for Officer
> Tworkoski to ascertain that defendant was parked in his
> sister's driveway.  Defendant nevertheless appeared
> nervous and the officer asked him to step out of his
> car.  Defendant instead drove off at a high rate of
> speed colliding into Tworkoski's patrol car.  He then
> backed up his car, requiring Tworkoski to jump out of
> the way to avoid being run over.  Defendant sped away
> as Sergeant Guillermo Clarke fired three shots at the
> vehicle's tires in an attempt to stop defendant from
> fleeing.
>
> After a high speed chase, defendant was
> apprehended and arrested for eluding, criminal mischief
> and aggravated assault.  The police also discovered 3.2
> grams of cocaine in a locked cigarette box located
> under the driver's seat and an additional 8.1 grams of
> cocaine in the pocket of a camouflage jumpsuit found in
> the trunk.

(App. Div. at 2-3.)

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding
instituted by an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court, a
determination of a factual issue made by a State court shall be
presumed to be correct.  The applicant shall have the burden of
rebutting the presumption of correctness by clear and convincing
evidence."

In the Superior Court of New Jersey, Law Division, Ocean County, Petitioner was convicted after a jury trial of second-degree eluding, N.J.S.A. 2C:29-2b, and third-degree possession of cocaine, N.J.S.A. 2C:35-10a(1).  He was acquitted of two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1b(2), fourth-degree criminal mischief, N.J.S.A. 2C:17-3a(1), and third-degree possession of cocaine, N.J.S.A. 2C:35-10a(1).  On April 11, 2003, Petitioner was sentenced to an aggregate term of ten years with four years of parole ineligibility.

On direct appeal, Petitioner raised through counsel the following arguments:

> Point I
>
> Trial Court erred by denying Defendant's appropriate motion to suppress evidence
>
> Point II
>
> Defendant was denied the effective assistance of counsel
>
> Point III
>
> The sentence imposed by the Court is manifestly excessive

To the extent Petitioner prepared a pro se supplemental brief, it does not appear to have been submitted to the Appellate Division. By Opinion entered July 21, 2004, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence. The Appellate Division declined to address the claim of

ineffective assistance of counsel, noting that Petitioner was free to raise this claim in a post-conviction relief petition.

On January 19, 2005, the Supreme Court of New Jersey denied certification.  State v. Powell, 182 N.J. 428 (2005).  Petitioner did not petition the United States Supreme Court for certiorari. Accordingly, for purposes of federal habeas review, Petitioner's conviction became final on April 19, 2005.

Petitioner submitted to this Court the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, dated June 24, 2005, and received by this Court on June 27, 2005.  That portion of the Petition asserting the claims for relief is presented in narrative fashion, from which this Court has discerned the following claims: (1) ineffective assistance of trial counsel, (2) violation of the Fourth Amendment proscription against unreasonable search and seizure, (3) prosecutorial misconduct through the use of perjured or hearsay evidence before the grand jury, use of perjured testimony at trial, reference to Petitioner's prior criminal record, failure to disclose at trial that one or more of the testifying officers were members of a drug task force, (4) violation of the Confrontation Clause through the introduction of hearsay testimony regarding the reason for the officers' investigation of Petitioner and the discovery of the cocaine in his automobile, (5) imposition of a sentence that was excessive, under state law, and which violates

Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v.

Washington, 542 U.S. 296 (2004), and (6) beatings and denial of

proper medical care while in prison.[2]

Respondents filed an answer [15] asserting that the claims

of ineffective assistance of counsel and unconstitutional

sentence were unexhausted, and that the Petition should therefore

be dismissed as a mixed petition.  In fact, the only claims that

were exhausted on direct appeal were the Fourth Amendment claims

and the claim that the sentence is unlawful under state law.

On a date not available to this Court based upon the record

presented, Petitioner filed a motion with the state court for

post-conviction relief.  The record supplied to this Court in the

Answer did not reveal the nature of the claims asserted in the

state-court motion for post-conviction relief or the status of

that proceeding.  Accordingly, this Court ordered Respondents to

supplement the Answer with documents regarding the motion for

post-conviction relief and ordered both parties to show cause

whether this Petition should be stayed pending conclusion of the

state post-conviction relief proceedings.

As noted above, Respondents have supplemented their Answer.

The supplemental letter and exhibits [20, 21] reveal that

Petitioner filed a pro se motion for post-conviction relief in

---

[2] Any claim that prison conditions violate the Eighth
Amendment should be brought as a separate civil action pursuant
to 28 U.S.C. § 1983.

the trial court sometime after the Supreme Court of New Jersey denied certification in his direct appeal.  Neither the pro se petition nor the subsequent brief in support filed by appointed counsel is dated.  (Letter, RE8 and RE8 at Pa9.)  The motion for post-conviction relief raises several of the claims asserted here that were not exhausted on direct appeal.  The government's letter in opposition to the motion for post-conviction relief is dated March 23, 2006, and the order denying post-conviction relief is dated April 11, 2006.  (Letter, RE5, RE7.)  Petitioner timely appealed the denial of post-conviction relief and the matter remains pending before the Superior Court of New Jersey, Appellate Division.  (Letter, RE1, RE2, RE3, RE4.)  Thus, the state post-conviction relief proceedings are not yet concluded.

No party has addressed the question whether this matter should be stayed pending conclusion of the state post-conviction proceedings.

## II.  ANALYSIS

As this Court has noted previously, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d

506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001)

(finding that "Supreme Court precedent and the AEDPA mandate that

prior to determining the merits of [a] petition, [a court] must

consider whether [petitioner] is required to present [his or her]

unexhausted claims to the [state's] courts").

    Respondents have elected to assert the defense of failure to

exhaust and have asked this Court to dismiss the Petition as

unexhausted.  (Answer at 21.)

    The exhaustion doctrine is a "total" exhaustion rule.  That

is, "a district court must dismiss habeas petitions containing

both unexhausted and exhausted claims [('mixed' petitions)]."

Lundy, 455 U.S. at 522.  At the time Lundy was decided, there was

no statute of limitations on the filing of federal habeas

petitions.  The enactment in 1996 of a one-year limitations

period for § 2254 habeas petitions,[3] however, "'has altered the

context in which the choice of mechanisms for handling mixed

petitions is to be made.'"  Crews v. Horn, 360 F.3d 146, 151 (3d

Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d

Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-

year limitations period, dismissal of a timely-filed mixed

petition may forever bar a petitioner from returning to federal

court.  "Staying a habeas petition pending exhaustion of state

remedies is a permissible and effective way to avoid barring from

---

    [3] See 28 U.S.C. § 2244(d).

federal court a petitioner who timely files a mixed petition."

Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the

Third Circuit has held that "when an outright dismissal could

jeopardize the timeliness of a collateral attack, a stay is the

only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance

rule announced in Crews.

> [S]tay and abeyance should be available only in limited
> circumstances.  ...  [S]tay and abeyance is only
> appropriate when the district court determines there
> was good cause for the petitioner's failure to exhaust
> his claims first in state court.  Moreover, even if a
> petitioner had good cause for that failure, the
> district court would abuse its discretion if it were to
> grant him a stay when his unexhausted claims are
> plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of
> discretion for a district court to deny a stay and to
> dismiss a mixed petition if the petitioner had good
> cause for his failure to exhaust, his unexhausted
> claims are potentially meritorious, and there is no
> indication that the petitioner engaged in intentionally
> dilatory litigation tactics.  In such circumstances,
> the district court should stay, rather than dismiss,
> the mixed petition.  ...  For the same reason, if a
> petitioner presents a district court with a mixed
> petition and the court determines that stay and
> abeyance is inappropriate, the court should allow the
> petitioner to delete the unexhausted claims and to
> proceed with the exhausted claims if dismissal of the
> entire petition would unreasonably impair the
> petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations

omitted).[4]

Clearly, Petitioner has failed to exhaust some of the claims

asserted here.  This is a "mixed" petition.  Accordingly, this

Court must now address whether the Petition should be dismissed

or stayed.  The first issue to address in this analysis is

whether outright dismissal would prejudice the timeliness of a

subsequent federal habeas petition.

The limitations period for a § 2254 habeas petition is set

forth in 28 U.S.C. § 2244(d),[5] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of
> the time for seeking such review; ...

---

[4] Even where stay and abeyance is appropriate, the district
court's discretion in structuring the stay is limited by the
timeliness concerns reflected in the one-year statute of
limitations.  "Thus, district courts should place reasonable time
limits on a petitioner's trip to state court and back."  Id. at
278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is
stayed, the petitioner should be given a reasonable interval,
normally 30 days, to file his application for state post-
conviction relief, and another reasonable interval after the
denial of that relief to return to federal court.  If a
petitioner fails to meet either time-limit, the stay should be
vacated nunc pro tunc.") (citations omitted).

[5] The limitations period is applied on a claim-by-claim
basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert.
denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d
Cir. 2002).

(2) The time during which a properly filed application
for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires
a determination of, first, when the pertinent judgment became
"final," and, second, the period of time during which an
application for state post-conviction relief was "properly filed"
and "pending."

A state-court criminal judgment becomes "final" within the
meaning of § 2244(d)(1) by the conclusion of direct review or by
the expiration of time for seeking such review, including the 90-
day period for filing a petition for writ of certiorari in the
United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417,
419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d
Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition
for post-conviction relief must be "properly filed."

An application is "filed," as that term is
commonly understood, when it is delivered to, and
accepted by the appropriate court officer for placement
into the official record.  And an application is
"properly filed" when its delivery and acceptance are
in compliance with the applicable laws and rules
governing filings.  These usually prescribe, for
example, the form of the document, the time limits upon
its delivery, the court and office in which it must be
lodged, and the requisite filing fee.  In some
jurisdictions the filing requirements also include, for
example, preconditions imposed on particular abusive
filers, or on all filers generally.  But in common
usage, the question whether an application has been

> "properly filed" is quite separate from the question
> whether the claims contained in the application are
> meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote

omitted) (finding that a petition was not "[im]properly filed"

merely because it presented claims that were procedurally barred

under New York law on the grounds that they were previously

determined on the merits upon an appeal from the judgment of

conviction or that they could have been raised on direct appeal

but were not).

Where a state court has rejected a petition for post-

conviction relief as untimely, however, it was not "properly

filed" and the petitioner is not entitled to statutory tolling

under § 2244(d)(2).  Pace v. Diguglielmo, 544 U.S. 408 (2005).

This is so even where, in the alternative, the state court

addresses the merits of the petition in addition to finding it

untimely.  Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is

considered "pending" within the meaning of § 2244(d)(2), and the

limitations period is statutorily tolled from the time it is

"properly filed," during the period between a lower state court's

decision and the filing of a notice of appeal to a higher court,

Carey v. Saffold, 536 U.S. 214 (2002), and through the time in

which an appeal could be filed, even if the appeal is never

filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time

during which a state prisoner may file a petition for writ of

certiorari in the United States Supreme Court from the denial of

his state post-conviction petition does not toll the one year

statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v.

District Attorney of the County of Philadelphia, 247 F.3d 539,

542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

        The limitations period of § 2244(d) also is subject to

equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.),

cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153,

159 (3d Cir. 1999); Miller v. New Jersey State Dept. of

Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling

applies

> only when the principles of equity would make the rigid
> application of a limitation period unfair.  Generally,
> this will occur when the petitioner has in some
> extraordinary way been prevented from asserting his or
> her rights.  The petitioner must show that he or she
> exercised reasonable diligence in investigating and
> bringing the claims.  Mere excusable neglect is not
> sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks

omitted).  Among other circumstances, the Court of Appeals for

the Third Circuit has held that equitable tolling may be

appropriate "if the plaintiff has timely asserted his rights

mistakenly in the wrong forum," i.e., if a petitioner has filed a

timely but unexhausted federal habeas petition.  Jones, 195 F.3d

at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001)

(Stevens, J., joined by Souter, J., concurring in part) ("neither

12

the Court's narrow holding [that the limitations period is not

statutorily tolled during the pendency of a premature federal

habeas petition], nor anything in the text or legislative history

of AEDPA, precludes a federal court from deeming the limitations

period tolled for such a petition as a matter of equity"); 533

U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.)

(characterizing Justice Stevens's suggestion as "sound").

    Finally, "a pro se prisoner's habeas petition is deemed

filed at the moment he delivers it to prison officials for

mailing to the district court."  Burns v. Morton, 134 F.3d 109,

113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

    As noted above, Petitioner's conviction became final, for

purposes of the federal limitations period, on April 19, 2005.

Thus, absent tolling, Petitioner had until April 19, 2006, to

file a federal habeas petition.  That one-year limitations period

has been tolled, however, by Petitioner's filing of a state

motion for post-conviction relief, which appears to have been

properly filed[6] and which remains pending.  Because the parties

have not advised the Court, however, as to the date on which the

state-court motion was filed, nor has a copy of the trial court

---

    [6] In its letter in opposition to the motion for post-
conviction relief, the government asserts that certain claims are
barred but does not assert that the motion is not timely or is
otherwise not "properly filed."  The state court did not make any
finding that the motion was untimely or otherwise not properly
filed.  (Letter, RE5, RE6, RE7.)

13

docket been provided, it is not possible to determine the specific date on which the limitations period began to toll by the filing of the state motion for post-conviction relief.  What is clear, however, is that the state motion was filed some time before the government filed its letter in opposition on March 23, 2006, twenty-seven (27) days before the limitations period otherwise would have expired.

Thus, dismissal of this mixed petition would not impair Petitioner's ability to file a timely federal petition after conclusion of his state post-conviction proceedings.  Petitioner would have at least 27 days after the conclusion of state post-conviction proceedings in which to file a federal petition, and presumably some additional time during which his state motion for post-conviction relief was "pending" before the government filed its letter in opposition.

### III.   CONCLUSION

For the foregoing reasons, this Court finds that the Petition is a mixed petition containing some unexhausted claims. As a stay would not be appropriate in this instance, the Petition will be dismissed without prejudice to the filing of a timely petition following the conclusion of state post-conviction proceedings.  An appropriate Order follows.

 s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

DATED: 5/14/07